[No. F055384. Fifth Dist. May 20, 2009.]

Estate of DORALEE VERNA BECKEL, Deceased.
MAUREEN STANCIU, as Administrator, etc., Petitioner and Respondent, v.
KATHLEEN WILLIAMS, Objector and Appellant.

**COUNSEL**

Machado & Machado and Robert A. Machado for Objector and Appellant.

Hulsy & Hulsy and James R. Hulsy for Petitioner and Respondent.

**OPINION**

**LEVY, J.**—The decedent, Doralee Verna Beckel, died intestate. It is undisputed that, under the laws of intestate succession, the estate will pass to the decedent's surviving first cousins and to the surviving issue of deceased first cousins. The question on appeal is at what generation, if any, do lineal descendents of a predeceased intestate heir lose their status as surviving issue entitled to a share of the estate?

In the petition for determination of persons entitled to distribution, respondent, Maureen Stanciu, the estate's administrator, limited surviving issue to the children of the predeceased first cousins, i.e., first cousins once removed. Accordingly, if a predeceased first cousin's children also predeceased the decedent but the first cousin's grandchildren survived the decedent, respondent took the position that those grandchildren, i.e., the decedent's first cousins twice removed, were not entitled to a share of the estate. Similarly, if the surviving issue were the predeceased first cousin's great-grandchildren, i.e., first cousins thrice removed, they were excluded. The trial court agreed with respondent and thus limited the distribution of the estate to surviving first cousins and the children of predeceased first cousins.

Appellant, Kathleen Williams, the assignee of the heirs of a more remote degree, i.e., decedent's first cousins twice removed and thrice removed, challenges the trial court's order on the ground that it is contrary to law. Appellant argues that, under the applicable statutes, the surviving issue of a predeceased heir entitled to inherit is not limited to the first generation.

As discussed below, appellant's position is correct. Therefore, the order will be reversed and the case remanded for further proceedings.

## DISCUSSION

This appeal involves a pure question of law. Thus, the trial court's determination is reviewed de novo. (*Estate of McCrary* (1997) 54 Cal.App.4th 100, 102 [62 Cal.Rptr.2d 504] (*McCrary*).)

■ The distribution of the decedent's estate is governed by Probate Code[1] section 6402. Section 6402, subdivision (d), provides that where, as here, there is no surviving spouse, parent or issue of a parent, but the decedent is survived by issue of grandparents, the intestate estate passes to such issue, "the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take in the manner provided in Section 240."

Under section 240, the estate is divided into as many equal shares as there are living members of the nearest generation of issue then living, here first cousins, and deceased members of that generation who leave issue then living. Each living member receives one share. The share of each deceased member with issue then living is then divided in the same manner among his or her then living issue.

■ Section 50 governs the construction of the term "issue" set forth in section 6402. (*Estate of Hawkins* (1987) 194 Cal.App.3d 102, 106 [239 Cal.Rptr. 464] (*Hawkins*).) Under this section, " 'Issue' of a person means all his or her lineal descendents of all generations . . . ." Thus, the statutes do not place any generational limit on "issue."

---

[1] All further statutory references are to the Probate Code.

■ Applying these statutes here, each living first cousin is entitled to a share of the estate. A share must also be distributed to the surviving children of each first cousin who predeceased decedent. This was the distribution ordered by the trial court. However, under section 50, surviving issue is not limited to surviving children. Rather, issue includes all of a person's *lineal descendents of all generations*. Therefore, it does not matter if the only issue surviving a predeceased first cousin are grandchildren or great-grandchildren, or members of an even more remote generation, those issue are entitled to their predeceased ancestor's share of the estate.

■ The plain language of sections 50, 240 and 6402, subdivision (d), mandate this result. When the trial court cut off issue at the child level, it in effect modified the statutes. Courts do not have the power to change these statutory rules governing the law of succession. (*McCrary, supra,* 54 Cal.App.4th at p. 102.) Accordingly, the trial court erred in doing so.

Both parties cite *McCrary* and *Hawkins* to support their positions. In those cases, as here, the nearest generation having at least one living member was the decedent's first cousins. In *Hawkins,* the court held that the children of the one first cousin who had predeceased the decedent were entitled to that predeceased cousin's share. (*Hawkins, supra,* 194 Cal.App.3d at p. 107.) In *McCrary,* the decedent was survived by her maternal first cousins but her paternal first cousins had all predeceased her. Under those circumstances, the court held that the maternal first cousins and the surviving issue of the predeceased paternal first cousins were entitled to share in the estate. (*McCrary, supra,* 54 Cal.App.4th at pp. 103–105.)

However, neither case decided the issue presented here. In *Hawkins,* the predeceased cousin's children, i.e., the decedent's first cousins once removed, were the subject surviving issue. In *McCrary,* the court did not disclose which generation the surviving issue belonged to.

■ In sum, surviving issue include all lineal descendents of all generations. Therefore, the decedent's estate must be divided into as many shares as there are first cousins who survived the decedent and first cousins who predeceased the decedent but left surviving issue of any generation.

## DISPOSITION

The order is reversed and the matter remanded to the trial court for further proceedings. Costs on appeal are awarded to appellant.

Wiseman, Acting P. J., and Gomes, J., concurred.